IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE

VILMA IVELISSE VICENTE ARIAS,

Debtor

CASE NO. 20-02350 (ESL)

CHAPTER 13

VILMA IVELISSE VICENTE ARIAS

Plaintiff

vs.

FRANKLIN CREDIT MANAGEMENT
CORPORATION; BOSCO CREDIT X, LLC.;
VILMAARIAS BONETA; JOSÉ RAMÓN
CARRIÓN MORALES ON HIS OFFICIAL
CAPACITY AS CHAPTER 13 TRUSTEE

Defendant

ADVERSARY NO. 22-00004

OPINION AND ORDER

This adversary proceeding is before the court upon the *Complaint* (Docket No. 1) filed and thereafter amended, by the Debtor-Plaintiff seeking a declaratory judgment as to the validity of creditor's lien and a determination on the liability of such creditor and its servicer for statutory damages, costs and attorneys' fees for alleged violations of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. §§ 1692 –1692p, on account of false, misleading, and deceptive representations made in monthly statements and collection letters issued by the creditor's servicer in a pending bankruptcy proceeding. Also pending before this Court are the following related motions: *Motion to Dismiss* (Docket No. 12), *First Motion for Leave* (Docket No. 25), *Opposition to Motion to Dismiss* (Docket No. 26), *Opposition to Plaintiff's Request to Amend Complaint* (Docket No. 32), *Reply to Opposition to Motion to Dismiss* (Docket No. 33), the *Second Motion for Leave* (Docket No. 39) and the *Second Amended Complaint* (Docket Nos. 39-1, 40), *Response to Court Order (Dk. #34 & 37) and Reply to Defendant's Opposition to Plaintiff's Request to File Amended Complaint* (Docket No. 41), *Sur-Reply to Leave to Amend Complaint and Opposition to Mootness*

-1-

*of Dismissal* (Docket No. 46), *Answer to Court Order (Dk. #48)* (Docket No. 53), and *Reply to Answer to Court Order at Dk. No. 53* (Docket No. 56).

For the reasons discussed below, the Debtor-Plaintiff's *Second Motion for Leave* (Docket No. 39) is GRANTED, the proposed *Second Amended Complaint* (Docket Nos. 39-1, 40) is allowed, and the *Motion to Dismiss* (Docket No. 12) is DENIED.

<u>JURISDICTION</u>

The Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b) and 157(a). This is a core proceeding pursuant to 28 U.S.C. §§ 157(a) and (b). Venue of this proceeding is proper under 28 U.S.C. §§ 1408 and 1409.

<u>FACTUAL AND PROCEDURAL BACKGROUND</u>

I. <u>The Bankruptcy Case, Bankr. Case No. 20-02350</u>

1. On June 18, 2020, the Debtor-Plaintiff filed a voluntary petition under Chapter 13 of the Bankruptcy Code, Schedules, Statement of Current Monthly and Disposable Income Calculation, and Statement of Financial Affairs. <u>See</u> Bankr. Case No. 20-02350, Docket No. 1.

2. The Debtor-Plaintiff disclosed Franklin Credit Management [Corporation] ("Franklin Credit") as having an unsecured claim of $378,384.18. <u>See</u> *Schedule D*, Bankr. Case No. 20-02350, Docket No. 1, p. 29.

3. The Debtor-Plaintiff also claimed a property in Brighton Country Club, Dorado (the "Property"), whose disclosed value is of $144,000, as exempt. <u>See</u> *Schedule C*, Bankr. Case No. 20-02350, Docket No. 1, p. 22.

4. Franklin Credit does not contest that it received notice of the bankruptcy filing to the following address: PO BOX 829629, Philadelphia, PA 19182-9629. <u>See</u> *Creditor Matrix*, Bankr. Case No. 20-02350, Docket No. 1, p. 66; Certificate of Service, Docket No. 7.

5. Franklin Credit did not file a proof of claim prior to the August 27, 2020, claim's bar date. <u>See</u> *Notice of Chapter 13 Bankruptcy Case*, Bankr. Case No. 20-02350, Docket No. 4; Certificate of Service, Bankr. Case No. 20-02350, Docket No. 7.

6.      On September 23, 2020, the Debtor-Plaintiff filed a *Chapter 13 Plan dated 9/23/2020* (the "*Plan*", Bankr. Case No. 20-02350, Docket No. 32) proposing the following treatment for unsecured claims: "[a]llowed nonpriority unsecured claims that are not separately classified will be paid pro rata … [from] [t]he funds remaining after disbursements have been made to all other creditors provided for in this plan[,] or [i]f the estate … were liquidated under chapter 7," "100% of the Allowed Unsecured Claims based on a yearly interest rate of 3.25%", whichever option "provid[es] the largest payment". Id., p. 3, § 5.1, p. 4, § 8.9.

7.      Franklin Credit did not file an objection to the confirmation of the *Plan*.

8.      On October 19, 2020, the Bankruptcy Court issued an *Order Confirming* Plan. See Bankr. Case No. 20-02350, Docket No. 35.

9.      As of the undesigned date, a discharge has not been granted.

II.     The Adversary Proceeding, Adv. Proc. No. 22-00004

10.     On January 25, 2022, the Debtor-Plaintiff filed a *Complaint* (Docket No. 1) against Franklin Credit, asserting three (3) cause of action. First, a declaratory judgment as to the validity of Franklin Credit's lien over the Property (id., p. 11, ¶ 47). Second, that Franklin Credit has made "false, misleading, and deceptive representations in multiple monthly statements and collection letters" (id., p. 12, ¶ 69) alleging that "(a) amounts are due and owing on the Consumer Debt; (b) that monthly payments are due and owing on the Consumer Debt; and (c) that the Consumer Debt is a secured claim "collateralized by the [Property]" (id., p. 12, ¶ 71) in violation of Section 1692e(2)(a), (5) and (10) of the FDCPA, 11 U.S.C. § 1692e(2)(A), (5), (10). And Third, that Franklin Credit, in issuing the aforementioned monthly statements and collection letters, has communicated directly with the Debtor-Plaintiff despite the latter being represented by counsel in violation of Section1692c(a)(2) of the FDCPA, 15 U.S.C. § 1692c(a)(2). As a result of the forgoing allegations, the Debtor-Plaintiff seeks the cancellation and avoidance of the Security Agreement and the Purchase Deed and an order directing the Property Registry to delete their

presentation on account of Count I, and an award of statutory damages, costs and attorneys' fees pursuant to 15 U.S.C. § 1692k on account of Counts II and III[1].

11.    On March 28, 2022, Franklin Credit filed a *Motion to Dismiss* (Docket No. 12), averring that Count I of the *Complaint* should be dismissed under Fed. R. Civ. P. 12(b)(7) for failure to join required parties —Bosco Credit X, LLC ("Bosco"), the holder of the mortgage loan and lien the Debtor-Plaintiff seeks to avoid, and Vilma Arias Boneta ("Arias Boneta"), the co-debtor on the loan encumbering the Property— pursuant to Fed. R. Civ. P. 19, and under Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief can be granted. Franklin Credit further avers that the FDCPA violation claims should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief can be granted because the Debtor-Plaintiff is precluded from seeking relief under the FDCPA following her filing for bankruptcy, citing Simmons v. Roundup Funding, LLC, 622 F.3d 93, 96 (2nd Cir. 2010), and Román-Pérez v. Operating Partners Co. (In re Román-Pérez), 527 B.R. 844 (Bankr. D.P.R. 2015), among others.

12.    On June 17, 2022, the Debtor-Plaintiff filed a *Motion for Leave to File Amended Complaint* (the "*First Motion for Leave*", Docket No. 25) to include Arias Boneta as a plaintiff, and Bosco as a defendant. The proposed *Amended Complaint* is attached as Exhibit I thereto (the "*First Amended Complaint*", Docket No. 25-1).

13.    Also on June 17, 2022, the Debtor-Plaintiff filed an *Opposition to Motion to Dismiss* (Docket No. 26)., averring that, with respect to the failure to join required party allegation, dismissal "is not the 'appropriate action.' Rather … the appropriate action is to amend the Complaint to join the alleged indispensable party" (id., pp. 1-2, ¶ 3). Debtor-Plaintiff also avers that an FDCPA claim is not precluded by the Bankruptcy Code for, among other things, the claims are "not that the collection activity was procedurally improper (i.e., stayed by the Automatic Stay); rather, that the collection activity was false. Moreover, Plaintiff makes allegations … entirely unrelated to any Bankruptcy Code provision, the Automatic Stay, the Discharge Injunction, etc.[, and] [b]ecause Plaintiff's claims are grounded on actual

---

[1] Count III is erroneously labeled as a duplicative Count II on page 14 of the *Complaint*.

-4-

violations of the FDCPA (i.e., false statements, and/or direct communication with Plaintiff's despite Plaintiff's legal representations), [they] are in no way precluded by the Bankruptcy Code" (id., p. 4, ¶ 7), and arguing that In re Román-Pérez is "about avoiding double dipping,' that is, a Debtor who secures damages for violations of the Bankruptcy Code may not, IN ADDITION, also seeks damages under other statutory provisions [whereas] [h]ere, the Debtor has not sought damages under the Bankruptcy Code. Thus, there is no 'double dipping' concerns…" (id., p. 6, ¶ 10).

14. On July 22, 2022, Franklin Credit filed an *Opposition to Plaintiff's Request to Amend Complaint* (Docket No. 32), averring that because Vilma Arias Boneta is proposed to be added *as a plaintiff*, over whom "this Court would lack jurisdiction", the "amended complaint does not comply with [Fed. R. Bank. P.] 7019" (id., pp. 2-3, ¶¶ 7, 9, 11), thus leave to amend should be denied, and Count I dismissed for failure to include a required party under Fed. R. Civ. P. 19.

15. Also on July 22, 2022, Franklin Credit filed a *Reply to Opposition to Motion to Dismiss* (Docket No. 33), averring that the holding in In re Román-Pérez, *supra*, "does not mean that all possible claims under the FDCPA are precluded by the Bankruptcy Code, only those for which a cause of action or redress is already available to the debtor under the provisions of the Bankruptcy Code" (id., p. 4, ¶ 13). Further, Franking Credit avers that "Plaintiff … is … choosing to ignore the remedies available to her under the Bankruptcy Code, to exclusively seek remedies based on the FDCPA; as the allegations in the complaint, if proven, would afford plaintiff a redress pursuant section 362(k) of the Bankruptcy Code" (id., p. 6, ¶ 18), and thus: all FDCPA claims should be dismissed pursuant to Fed. R. Bankr. P. 12(b)(6).

16. On July 26, 2022, the court ordered the Debtor-Plaintiff to respond to Franklin Credit's *Reply to Opposition to Motion to Dismiss*. See *Order*, Docket No. 34.

17. On August 23, 2022, the Debtor-Plaintiff filed a *Motion for Leave to File Second Amended Complaint* (the "*Second Motion for Leave*", Docket No. 39) to include Arias Boneta, Bosco, and the Chapter 13 Trustee as defendants, and assert four (4) causes of action. First, a declaratory judgment as to the validity of Bosco's lien over the Property (Docket No. 39-1, p. 9, ¶ 51). Second, that Franklin Credit has made "false, misleading, and deceptive representations in the multiple monthly statements and collection letters"

(id., p. 12, ¶ 69) "[s]ince January 26, 2021" (id., p. 12, ¶ 71) in violation of Section 1692e(2)(A), (5) and (10) of the FDCPA, 11 U.S.C. § 1692e(2)(A), (5), (10). Third, that Franklin Credit, in issuing the aforementioned monthly statements and collection letters, has communicated directly with the Debtor-Plaintiff despite the latter being represented by counsel in violation of Section1692c(a)(2) of the FDCPA, 15 U.S.C. § 1692c(a)(2). And Fourth, that Bosco "gave instructions, directed, and authorized" Franklin Credit to issue the aforementioned monthly statements and collection letters, and is "responsible for any and all liability created by Franklin's acts" in violation of 11 U.S.C. § 1692e (id., p. 19, ¶ 110). As a result of the forgoing allegations, the Debtor-Plaintiff seeks the cancellation and avoidance of the Security Agreement and the Purchase Deed and an order directing the Property Registry to delete their presentation on account of Count I, and an award of statutory damages, costs and attorneys' fees pursuant to 15 U.S.C. § 1692k on account of Counts II, III, and IV. The proposed amended complaint is attached as Exhibit I thereto (the "*Second Amended Complaint*", Docket No. 39-1) and filed at Docket No. 40.

18.      Also on August 23, 2022, the Debtor-Plaintiff filed a *Response to Court Order (Dk. #34 & 37) and Reply to Defendant's Opposition to Plaintiff's Request to File Amended Complaint* (Docket No. 41), averring that "if [the *Second Motion for Leave*] is granted, the Defendant's [*Opposition to Plaintiff's Request to Amend Complaint*] at Docket #32 will turn moot" because "the Amended Complaint addresses the allegations raised in Franklin's opposition…" Id., p. 2, ¶ 8, p. 3, ¶ 10.

19.      On September 8, 2022, the court ordered Franklin Credit to oppose the *Second Motion for Leave* within fourteen (14) days or the forgoing would be granted and the *Motion to Dismiss* denied as moot. See *Order*, Docket No. 42.

20.      On September 23, 2022, Franklin Credit filed a *Sur-Reply to Plaintiff's Response Regarding Leave to Amend Complaint and Opposition to Allegation of Mootness of Motion to Dismiss at Dk. No. 12 in Compliance with Order* (the "*Sur-Reply to Leave to Amend Complaint and Opposition to Mootness of Dismissal*", Docket No. 46), averring that if leave is granted, the *Motion to Dismiss* "would not become moot in [its] entirety" or "automatically" because the proposed *Second Amended Complaint* "still has claims for alleged violations of the FDCPA" which are "preclu[ded]" (id., pp. 2-3, ¶¶ 12-14), and

invites "the discretion of this Honorable Court to determine whether to allow plaintiff to amend the Complaint … and if so, whether to deny the pending Motion to dismiss as moot or consider it a partial Motion to dismiss against the FDCPA claims that remain in the newly amended Complaint at Dk. No. 40" (id., pp. 5-6, ¶ 20). In support of its contention that "there is a discrepancy amongst Federal Circuit Courts as to whether an amended Complaint renders a pending Motion to dismiss automatically moot" (id., p. 4, ¶ 16), Franklin Credit cites:

21. Also on September 23, 2023, the court ordered the Debtor to state her position as to the *Sur-Reply to Leave to Amend Complaint and Opposition to Mootness of Dismissal* within twenty-one (21) days. See *Order*, Docket No. 48.

22. On October 17, 2022, the Debtor-Plaintiff filed an *Answer to Court Order (Dk. #48)* (Docket No. 53), averring that contrary to Franklin Credit's averments, "it is unequivocally clear that every Circuit Court of Appeals which has considered whether an amended complaint moots a pending motion to dismiss has held that 'general rule is that filing an amended complaint moots pending motions to dismiss[,]'" because "[o]nce an amended pleading is interposed, the original pleading no longer performs any function in the case" and "[t]o hold otherwise … would operate to 'deprive[] the Plaintiff of his right to file an amended complaint under Rule 15" (id., pp. 4-5). The Debtor-Plaintiff further avers that even where court's have found that a motion to dismiss is not automatically moot upon the filing of an amended complaint, and may instead be set against the amended complaint, "confirm[s] the General Rule that an Amended Complaint automatically trumps a previously filed Complaint" (id., p. 6). Moreover, the Debtor-Plaintiff avers that even if the motion to dismiss where not moot, and the 'modified general rule' applied, that is, the *Second Motion for Leave* were granted and set against the *Motion to Dismiss,* dismissal should be denied because the proposed *Second Amended Complaint* "addressed each of Defendant's complains[sic]" (id., p. 7), the FDCPA violation claims have been reconstructed and are now "directly and exclusively grounded on violations of the FDCPA", not the automatic stay, and thus "there [are] no double dipping" (id., p. 8) or claim preclusion concerns present. In support of its contention that the FDCPA claims

are not precluded, the Debtor-Plaintiff cites Midland Funding, LLC v. Johnson, 581 U.S. 224 (2017), to suggest that courts have "moved significantly forward since the vestiges of Simmons" (id., p. 10).

23. On October 24, 2022, Franklin Credit filed a *Reply to Answer to Court Order at Dk. No. 53* (Docket No. 56), averring that the FDCPA claims are indeed precluded as per caselaw previously cited, and that Midland does not "overrule[]" Simmons, and instead "concluded that the FDCPA was not applicable in the context of the claims process … as doing so would 'authorize a new significant bankruptcy-related remedy in the absence of language in the Code providing for it.' ". Id., p. 5, ¶ 15.

LEGAL ISSUES

There are two (2) core issues here. First, whether an amended complaint moots a pending motion to dismiss. Second, whether FDCPA violation claims arising from communications sent in a pending bankruptcy proceeding, and there being no allegation that the communications violate the Bankruptcy Code or the Fed. R. Bank. P., are precluded.

POSITION OF THE PARTIES

I.      Debtor-Plaintiff's Position

The Debtor-Plaintiff alleges that Franklin Credit has made "false, misleading, and deceptive representations in the multiple monthly statements and collection letters" (Docket No. 39-1, p. 12, ¶ 69) "[s]ince January 26, 2021" (id., p. 12, ¶ 71), i.e., after the bankruptcy petition date, in violation of Section 1692e(2)(a), (5) and (10) of the FDCPA, 11 U.S.C. § 1692e(2)(A), (5), (10); has communicated directly with the Debtor-Plaintiff despite the latter being represented by counsel in violation of Section1692c(a)(2) of the FDCPA, 15 U.S.C. § 1692c(a)(2); and that Bosco "gave instructions, directed, and authorized" Franklin Credit to issue the aforementioned monthly statements and collection letters, and is thus "responsible for any and all liability created by Franklin's acts" in violation of 11 U.S.C. § 1692e (id., p. 19, ¶ 110). As a result of the forgoing allegations, the Debtor-Plaintiff seeks an award of statutory damages, costs and attorneys' fees pursuant to 15 U.S.C. § 1692k.

Further, she argues that if the *Second Motion for Leave* is granted and, consequently, the *Second Amended Complaint* allowed, Franklin Credit's *Motion to Dismiss* "will turn moot" because "the [Second]

Amended Complaint addresses the allegations raised in Franklin's opposition…" Docket No. 41, p. 2, ¶ 8, p. 3, ¶ 10. In the alternative, if the *Motion to Dismiss* where not found to be moot, it should be set against the *Second Amended Complaint* and denied. The Debtor-Plaintiff contends that there is no basis to find that the Bankruptcy Code precludes her FDCPA violation claims, for they are "directly and exclusively grounded on violations of the FDCPA", not the automatic stay, and thus "there [are] no double dipping" (id., p. 8) or claim preclusion concerns present.

II.      Franklin Credit's Position

Franklin Credit's argument is simple, to wit: FDCPA violation claims are precluded by the protections afforded under the Bankruptcy Code. Specially, they argue that "the … allegations in the complaint … are based on alleged violations to the protections afforded to plaintiff as a debtor in bankruptcy and for which the Bankruptcy Code and rules provide" "a potential redress". Docket No. 12, p. 11, ¶ 17, and p. 14, ¶ 22. As such, they should be dismissed under Fed. R. Bankr. P. 12(b)(6).

Franklin Credit also argues that if the *Second Motion for Leave* is granted, the *Motion to Dismiss* "would not become moot in [its] entirety" or "automatically" because the *Second Amended Complaint* "still has claims for alleged violations of the FDCPA" which are "preclu[ded]". Docket No. 46, pp. 2-3, ¶¶ 12-14. Further, Franklin Credit invites "the discretion of this Honorable Court to determine whether to allow plaintiff to amend the Complaint … and if so, whether to deny the pending Motion to dismiss as moot or consider it a partial Motion to dismiss against the FDCPA claims that remain". Id., pp. 5-6, ¶ 20.

APPLICABLE LAW AND ANALYSIS

(A)      Leave to Amend Complaint in an Adversary Proceeding

Fed. R. Civ. P. 15, made applicable to adversary proceedings under Fed. R. Bankr. P. 7015, allows a party to amend a pleading "to which a responsive pleading is required" ***once*** "as a matter of course" if filed within the time limits established therein, that is, the earlier of "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b)'. Fed. R. Civ. P. 15(a)(1). In all other circumstances, a party may amend its pleadings "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Fed. R. Civ. P. 15 "allows for liberal amendments in the interest of resolving cases on the merits." In re Gonzalez, 2012 WL 5438957, at *4 (Bankr. D.P.R. 2012) (ESL), citing Foman v. Davis, 371 U.S. 178, 181–182 (1962); O'Connell v. Hyatt Hotels of PR, 357 F.3d 152, 154 (1st Cir.2004); Wilson v. Mendon, 294 F.3d 1, 7, n. 16 (1st Cir. 2002); Mills v. Maine, 118 F.3d 37, 53 (1st Cir. 1997); USM Corp. v. GKN Fasteners Ltd., 578 F.2d 21, 23 (1st Cir. 1978). Although Fed. R. Civ. P. 15 "reflects a liberal amendment policy ... [lower courts] enjoy[] significant latitude in deciding whether to grant leave to amend". Id., quoting ACA Fin. Guar. Corp. v. Advest, Inc., 512 F.3d 46, 55 (1st Cir. 2008). "Grounds for denial include undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party and futility of amendment." Id., quoting ACA Fin. Guar. Corp., 512 F.3d at 56, and Foman, 371 U.S. at 182.

In the instant case, the *Complaint* was a pleading to which a responsive pleading was required. Franklin Credit filed the *Motion to Dismiss* pursuant to Fed. R. Civ. P. 12(b)(6) in lieu of an answer. The *Motion to Dismiss* was filed on March 28, 2022, see Docket No. 12, and the Debtor-Plaintiff filed the *First Motion for Leave* and the proposed *First Amended Complaint* on June 17, 2022, see Docket Nos. 25, 25-1, and the *Second Motion for Leave* thereafter on August 23, 2022, see Docket Nos. 39 and 40. Both the *First* and *Second Motion for Leave* were filed beyond the twenty-one (21) days proscribed under Fed. R. Civ. P. 15(a)(1), and require either Franklin Credit's written consent, which has not been given, or the court's leave. A review of the proposed *Second Amended Complaint* reveals that the proposed amendments seek to cure earlier deficiencies raised by Franklin Credit, that is, include Arias Boneta, Bosco, and the Chapter 13 Trustee as defendants, and assert additional causes of action. Thus, the amended complaints are not superfluous or futile. In light of the liberal amendment policy afforded in Fed. R. Civ. P. 15 to resolve cases on the merits, the *Second Motion for Leave* is granted, and the proposed *Second Amended Complaint* is allowed.

(B)     Mootness of Motion to Dismiss Filed Prior to an Amended Complaint

The Debtor-Plaintiff argues that the *Motion to Dismiss* is moot upon the filing of the *Second Motion for Leave* and the *Second Amended Complaint*. Franklin Credit contends otherwise and invites "the

-10-

discretion of this Honorable Court to … deny the pending Motion to dismiss as moot or consider it a partial Motion to dismiss against the FDCPA claims that remain…" Docket No. 46, pp. 5-6, ¶ 20.

It is true that "[a]n amended complaint… normally supersedes the antecedent complaint." Connectu LLC v. Zuckerberg, 522 F.3d 82, 91 (1st Cir. 2008), citing InterGen N.V. v. Grina, 344 F.3d 134, 145 (1st Cir.2003), and 6 Wright et al., supra § 1476, at 556–57. "Thereafter, the earlier complaint is a dead letter and 'no longer performs any function in the case.' " Id., quoting Kolling v. Am. Power Conversion Corp., 347 F.3d 11, 16 (1st Cir. 2003). As a result, District courts in this Circuit have held that pending motions to dismiss original pleadings are moot following the filing and/or allowance of an amended complaint. See e.g., Millay v. Surry Sch. Dep't, 584 F. Supp. 2d 219, 227 (D. Me. 2008) (denying motion to dismiss original complaint "as moot"); Leeds v. Bae Sys., 2010 WL 2245941, at *1, 2010 U.S. Dist. LEXIS 63279, at *2 (D.N.H. 2010) ("An amended complaint super[s]edes the original, which renders a pending motion to dismiss moot.") (citations omitted); Applied Underwriters v. Combine Mgmt. Inc., 2011 WL 1467239, at *1, n. 2, 2011 U.S. Dist. LEXIS 42253, at *3, n. 2 (D. Me. 2011) (denying motion to dismiss original complaint as "moot"); Boston Granite Exchange, Inc. v. Greater Boston Granite, LLC, 2012 WL 3776449, at *6, 2012 U.S. Dist. LEXIS 122561, at * 24 (D. Mass. 2012) (denying motion to dismiss original complaint "as moot"); Winnett v. JP Morgan Chase Bank, N.A., 2013 WL 12441475, at *1, 2013 U.S. Dist. LEXIS 66343, at * 2 (D.N.H. 2013) ("Because the original petition is superseded by the amended complaint, the motion to dismiss the petition is moot."); Alper v. Ocwen Loan Servicing, LLC, 2018 WL 1175069, at *2, 2018 U.S. Dist. LEXIS 3508, at *3 (D.N.H. 2018) (granting leave to amend complaint and noting that "[w]hen the amended complaint is docketed, it will … render[] the pending motion to dismiss moot.").

The forgoing does not, however, dictate that a pending motion to dismiss is automatically rendered moot when a complaint is amended. Instead, this Court finds that when faced with an amended complaint, it may either deny a pending motion to dismiss as moot or consider the merits of the motion, analyzing the facts as alleged in the amended pleading, which "promotes judicial economy by obviating the need for multiple rounds of briefing addressing complaints that are legally insufficient". Pettaway v. Nat'l Recovery

-11-

Sols., LLC, 955 F.3d 299, 303 (2nd Cir. 2020). In doing so, this Court looks to and adopts the Second Circuit's holding in Pettaway: "when a plaintiff properly amends her complaint after a defendant has filed a motion to dismiss that is still pending, the district court has the option of either denying the pending motion as moot or evaluating the motion in light of the facts alleged in the amended complaint." Id. As such, and to avoid further unnecessary filings in this case, the court will resolve the pending *Motion to Dismiss* only as to the FDCPA claims raised in the *Second Amended Complaint*, to wit, Counts II, III and IV.

(C)    Motion to Dismiss Standard under Fed. R. Civ. P. 12(b)(6)

Fed. R. Civ. P. 12(b)(6) is made applicable to adversary proceedings through Fed. R. Bankr. P. 7012. In deciding a motion under Fed. R. Civ. P. 12(b)(6), the court must determine whether a complaint states a plausible claim. "The purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is to assess the legal feasibility of a complaint, not to weigh the evidence which the plaintiff offers or intends to offer." In re Instituto Medico del Norte, Inc., 2021 WL 4944085, at * 2, 2021 Bankr. LEXIS 2924, at *7 (Bankr. D.P.R. 2021); Lugo Alejandro v. Betancourt (In re Betancourt), 2021 WL 438858, 2021 Bankr. LEXIS 298 (Bankr. D.P.R. 2021); Vélez Arcay v. Banco Santander de P.R. (In re Vélez Arcay), 499 B.R. 225, 230 (Bankr. D.P.R. 2013), citing Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2nd Cir. 1984); Citibank, N.A. v. K-H Corp., 745 F. Supp. 899, 902 (S.D.N.Y. 1990).

Fed. R. Civ. P. 8(a)(2), applicable to adversary proceedings through Fed. R. Bankr. P. 7008, mandates complaints contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Although detailed factual allegations are not required, the Rule does call for sufficient factual matter". Surita-Acosta v. Reparto Saman Inc. (In re Surita Acosta), 464 B.R. 86, 90 (Bankr. D.P.R. 2012). Therefore, to survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter that, accepted as true, "state[s] a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556. The Twombly standard was further developed in Ashcroft v. Iqbal, 556

-12-

U.S. 622 (2009), advising lower courts that "determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft, 556 U.S. at 679. "In keeping with these principles, a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id., at 679. In sum, allegations in a complaint cannot be speculative and must cross "the line between the conclusory and the factual". Peñalbert-Rosa v. Fortuño-Burset, 631 F.3d 592, 595 (1st Cir. 2011). "[A]n adequate complaint must provide fair notice to the defendants and state a facially plausible legal claim." Ocasio-Hernandez v. Fortuño-Burset, 640 F.3d 1, 11 (1st Cir. 2011).

In Schatz v. Republican State Leadership Committee, 669 F.3d 50, 55 (1st Cir. 2012), the U.S. Court of Appeals for the First Circuit (the "First Circuit") established a two-step standard for motions to dismiss under Fed. R. Civ. P. 12(b)(6). Step one: isolate legal conclusions. Step two: take the complaint's well-pleaded (non-conclusory) allegations as true, drawing all reasonable inferences in favor of the plaintiff and determine if they plausibly narrate a claim for relief. See Pérez v. Rivera (In re Pérez), 2013 WL 1405747 at *3, 2013 Bankr. LEXIS 1561 (Bankr. D.P.R. 2013); Zavatsky v. O'Brien, 902 F. Supp. 2d 135, 140 (D. Mass. 2012).

"Simply because the court is hesitant to dismiss a claim in the early sta[g]es of litigation, however, does not mean that there are not circumstances where the court can and should act. Fed. R. Civ. P. 12(b)(6) weeds out those allegations that, even with further factual development, will never grow into sustainable claims under the law." Arruda v. Sears, Roebuck & Co., 273 B.R. 332, 340 (D.R.I. 2002). As the First Circuit has stated, "in the menagerie of the Civil Rules, the tiger patrolling the courthouse gates is rather tame, but 'not entirely ... toothless.' " Correa v. Arrillaga, 903 F.2d 49, 52 (1st Cir. 1990), quoting Dartmouth Review v. Dartmouth College, 889 F.2d 13, 16 (1st Cir. 1989).

Consideration of a motion to dismiss requires the court to assume the truth of all well-plead facts and give the benefit of all reasonable inferences therefrom. A complaint that states a claim plausible on its face survives a motion to dismiss. See Banco Santander P.R. v. P.R. Hosp. Supply, Inc. (In re P.R. Hosp. Supply, Inc.), 617 B.R. 181, 191 (Bankr. D.P.R. 2020).

(D)      The Bankruptcy Code and the FDCPA

The main purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors". See 15 U.S.C. § 1692(e). Section 1692e of the FDCPA prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt", including but not limited to the "false representation of … the character, amount, or legal status of any debt", "threat[ening] to take any action that cannot legally be taken or that is not intended to be taken", and the "use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. 11 U.S.C. § 1692e(2)(A), (5), (10). Section1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer in connection with the collection of any debt "if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer". 15 U.S.C. § 1692c(a)(2).

To prevail on an FDCPA violation claim, the plaintiff must prove that: "it was the object of collection activity arising from consumer debt, defendants are debt collectors as defined by the FDCPA, and defendants have engaged in an act or omission prohibited by the FDCPA." In re Vazquez, 2021 WL 3278049, at *7, 2021 Bankr. LEXIS 2035, at *23 (Bankr. D.P.R. 2021), citing Torres Melendez v. Collazo Connelly & Surillo, LLC (In re Torres Melendez), 2020 WL 557320, at *3, 2020 Bankr. LEXIS 297, at *9 (Bankr. D.P.R. 2020).

Circuits are split on the question of whether the Bankruptcy Code precludes the FDCPA. The Second and the Ninth Circuits have broadly ruled that it does. See e.g., Simmons, 622 F.3d at 96 (holding the Bankruptcy Code "provides remedies for wrongfully filed proofs of claim", and "the filing a proof of

-14-

claim in bankruptcy court cannot form the basis for an FDCPA claim"); Walls v. Wells Fargo Bank, N.A., 276 F.3d 502, 510 (9th Cir. 2002) (holding that FDCPA claims were precluded by the Bankruptcy Code because the later provided the exclusive remedy for violation of a discharge injunction, which cannot form the basis for an FDCPA claim); B–Real, LLC v. Chaussee (In re Chaussee), 399 B.R. 225 (9th Cir. BAP 2008) (holding that FDCPA claims were precluded by the Bankruptcy Code because the filing of a proof of claim cannot be the basis for an FDCPA claim). The Third and the Seventh Circuits have ruled to the contrary, finding that the FDCPA and the Bankruptcy Code may peacefully co-exist, allowing FDCPA claims in cases involving debtors that were in bankruptcy. See e.g., Simon v. FIA Card Services, N.A., 732 F.3d 259, 271 (3rd Cir.2013) (holding that an FDCPA remedy was not precluded by the Bankruptcy Code); Randolph v. IMBS, Inc., 368 F.3d 726, 730, 732 (7th Cir. 2004) (holding that the Bankruptcy Code "does not work an implied repeal" of an FDCPA remedy, and stating that the Bankruptcy Code and the FDCPA "do not ... add up to irreconcilable conflict; instead the two statutes overlap.... It is easy to enforce both statutes, and any debt collector can comply with both simultaneously").

Bankruptcy Courts within our First Circuit have held that the filing of a bankruptcy petition does not negate the protections of the FDCPA. See e.g., In re Román-Pérez, 527 B.R. at 864-865 (holding that the "remedies under the FDCPA are available in bankruptcy when Debtors have no other remedies for damages under the Bankruptcy Code for the same actions", and that "Plaintiffs' allegations under the FDCPA were the same as the ones averred for the violation of the automatic stay", which cannot form the basis for an FDCPA claim); Martel v. LVNV Funding, LLC, 539 B.R. 192, 198 (Bankr. D. Me. 2015) (holding that "[t]he [Bankruptcy] Code and the FDCPA are not irreconcilable and creditors are under the obligation to follow both."); In re Vazquez, 2021 WL 3278049, at *7, 2021 Bankr. LEXIS 2035, at *23 ("The filing of a bankruptcy petition does not negate the protections of the FDCPA."). See also Resto-Feliciano v. DLJ Mortg. Cap., Inc., 2020 WL 7496421, at * 6, 2020 U.S. Dist. LEXIS 240073, at * 17 (D.P.R. 2020) (noting that "bankruptcy courts within the First Circuit have held that the FDCPA and the bankruptcy code are coexistent rather than mutually exclusive", and denying motion for withdrawal of reference premised on lack of jurisdiction with respect to FDCPA causes of action).

In this case, the Debtor-Plaintiff's FDCPA violation claims arise from communications allegedly issued by Franklin Credit in a pending bankruptcy proceeding, and which the Debtor-Plaintiff does not allege are in violation of the automatic stay. Compare *Complaint* (Docket No. 1) with *Second Amended Complaint* (Docket Nos. 39-1, 40). The court finds that the allegations in the *Second Amended Complaint* (Docket Nos. 39-1, 40) are not based on a violation of the Bankruptcy Code or the Fed. R. Bank. P., and allege plausible FDCPA violation claims. Thus, the same are not precluded. Therefore, the *Motion to Dismiss* (Docket No. 12) for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) is hereby denied.

CONCLUSION

For the reasons stated herein, the Debtor-Plaintiff's *Second Motion for Leave* (Docket No. 39) is GRANTED, the proposed *Second Amended Complaint* (Docket Nos. 39-1, 40) is allowed, and the *Motion to Dismiss* (Docket No. 12) filed by Franklin Credit Management Corporation is DENIED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 1st day of February 2023.

Enrique S. Lamoutte
United States Bankruptcy Judge

-16-